Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000334
23-APR-2019
08:00 AM

NO. CAAP-18-0000334

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANDREA ZAJAC, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161000429; CR. NO. 16-1-0429)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Andrea Zajac (**Zajac**) appeals from the Judgment of Conviction and Sentence filed on March 14, 2018, in the Circuit Court of the First Circuit (**Circuit Court**).[1] Zajac was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712 (2014).[2]

---

[1] The Honorable Glenn J. Kim presided.

[2] HRS § 707-712(1) states:

§ 707-712 **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(continued...)

On appeal, Zajac contends there was insufficient evidence to convict her of Assault in the Third Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Zajac's point of error as follows:

As Zajac recognizes, the evidence adduced at trial must be considered in the strongest light for the prosecution. State v. Matavale, 115 Hawai'i 149, 157, 166 P.3d 322, 330 (2007).

The trial record includes, *inter alia*, testimony as follows. On March 16, 2016 at approximately 12:15 p.m. Zajac came to the Straub emergency room (**ER**). When the Complaining Witness (**CW**), a registered nurse at Straub, entered a triage room where Zajac was seated in a wheelchair, Zajac was agitated, and initially stated that she did not want to be at the Straub ER, cussed, and voiced she was not happy she was at the Straub ER. The CW offered to let Zajac leave, and Zajac responded with more cussing and yelling and called her names. The CW gave Zajac a choice to get treated or leave. Zajac said she wanted to be checked for an infection. Zajac then stood and grabbed a vitals machine and threw it on the floor. After that, Zajac sat back in

---

2/ (...continued)

       (b)    Negligently causes bodily injury to another person with a dangerous instrument.

      Bodily injury includes "physical pain, illness or any impairment of physical condition." HRS § 707-700 (2014).

the chair and then struck the CW with both hands and kicked her right leg. Zajac was cussing and yelling while hitting the CW. The CW was hit three times with Zajac's fist, which caused pain. Zajac kicked the CW in the leg, which also caused pain. The CW did not give Zajac permission to hit her. Zajac testified she did not yell, scream, cuss, hit, or kick the CW, and did not protest being at the ER. Zajac also testified that she was upset because she was not able to walk and, when she saw the CW, she knew that she probably would not receive medical treatment.

On appeal, Zajac argues (for the first time) that she initially made it clear that she did not want to be at the Straub ER and that she was entitled to use reasonable, non-deadly force against Straub staff to prevent a medical battery. This argument is not supported by the evidence adduced at trial. The CW testified that, after Zajac said she did not want to be at Straub ER and was told that she could leave, Zajac said she wanted to be checked for an infection. Zajac's own testimony is contrary to the argument raised on appeal; Zajac wanted treatment, but when she saw the CW she knew she probably would not be treated. There is no testimony that the CW or any other Straub employee attempted to administer medical treatment to Zajac.

Zajac makes no other argument. We conclude that there was sufficient evidence in the record to support the jury's verdict convicting Zajac of Assault in the Third Degree.

For these reasons, the Circuit Court's March 14, 2018 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, April 23, 2019.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge